## WESTERN UNION TEL. CO. v. CONANT.

Under section 267, General Statutes, for the purpose of serving a summons a defendant corporation is to be found only in the county where the principal office of the corporation is kept, or its principal business carried on, subject to the exceptions named in the section.

*Error to District Court of Lake County.*

ON February 12, 1884, a writ was issued by H. P. Krell, Esq., a justice of the peace in Lake county, summoning the Western Union Telegraph Company to appear and answer to a money demand of Fred H. Conant. The constable returned this writ as served at Leadville upon C. M. Davis, agent of the plaintiff in error. On February 19th the plaintiff in error appeared specially and moved the justice to quash the summons, on the ground that the Western Union Telegraph Company was a foreign corporation existing under the laws of New York; that the summons was neither served upon any officer of the company, nor in the county where its principal business was carried on; and that the plaintiff in error had filed its certificate in the office of the county clerk of Lake county, as provided by law, designating an agent upon whom process could be served, and the city of Denver was the principal place where the business of the corporation should be carried on. This motion was supported by the affidavit of Mr. Davis as to the capacity in which he was acting, and by a duly-certified copy of the recorded certificate of the plaintiff in error, showing the appointment of an agent residing at Denver, the principal office of the corporation in Colorado. The justice of the peace denied the motion; the plaintiff in error made no further appearance; the judgment was entered for the full amount claimed. On March 3d the petition of the plaintiff in error was presented to the district court for a writ of *certiorari,* removing the case to that court. The petition stated the facts shown before the

justice of the peace; also that the plaintiff in error had a good and meritorious defense to the claim, and that this was a case in which an appeal would not lie. The writ was issued. The justice made a complete return, and on April 29th a hearing was had upon the petition and the return. The district court found the return sufficient and affirmed the judgment. The writ of error is prosecuted to reverse this judgment. Section 13 of the justice act (Gen. St. § 1936), passed in 1861, provides that in case the defendant is a corporation service may be had "by reading the summons and delivering a copy thereof to some officer, agent or clerk of such corporation." Section 260 of the General Statutes, page 186, enacted in 1877, provides that "foreign corporations shall, before they are authorized or permitted to do any business in this state, make and file a certificate, signed by the president and secretary of such corporation, duly acknowledged, with the secretary of state, and in the office of the recorder of deeds of the county in which such business is carried on, designating the principal place where the business of such corporation shall be carried on in this state, and an authorized agent or agents in this state upon whom process may be served." * * * Section 267, General Statutes, page 187, provides that "in suits against any corporation summons shall be served in that county where the principal office of the corporation is kept, or its principal business carried on, by delivering a copy to the president thereof, if he may be found in said county, but if he is absent therefrom, then the summons shall be' served in like manner in such county on either the vice-president, secretary, treasurer, cashier, general agent, general superintendent or stockholder of said corporation, within such time and under such rules as are provided by law for service of such process in suits against real persons." * * *

Mr. JOHN L. JEROME, for plaintiff in error.

ELBERT, J.   There may be some question touching the sufficiency of the petition for a writ of *certiorari* upon which the district court reviewed the proceedings before the justice.   No objection, however, is made by counsel, and we do not consider it.

The rule prescribed by section 267, General Statutes, page 187, for the service of summons upon corporations, is plain.   The language is:   "In suits against any corporation summons shall be served in that county where the principal office of the corporation is kept, or its principal business carried on."   \*   \*   \*   The object of the requirement was to prevent the abuses arising from service upon irresponsible subordinates, and to secure it upon some one of the principal officers of the corporation charged with the management of its affairs.   Its propriety is obvious.   It prescribes not only a general, but an exclusive, rule, and, being subsequent in date, it must be taken as repealing by implication section 13 of the justice act, in so far as it prescribes another and different service.   Under this section, for the purpose of service of summons, a defendant corporation is to be found only in the county where the principal office of the corporation is kept, or its principal business carried on, subject to the exceptions named in the section.   In the case at bar the justice acquired no jurisdiction by the service on Davis, the local agent of the defendant company, and the district court erred in affirming the judgment.   The judgment of the court below must be reversed.

*Reversed.*